**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KRISTIE A. MITCHELL**
**Plaintiff,**

**v.** **Case No. 25-C-2015**

**FRANK BISIGNANO,**
**Commissioner of the Social Security Administration**
**Defendant.**

---

## DECISION AND ORDER

Plaintiff Kristie Mitchell moves for attorney's fees under the Equal Access to Justice Act (EAJA). The Commissioner does not dispute that an award is appropriate but contests the amount plaintiff requests.

### I.

On December 22, 2025, plaintiff filed this action for judicial review of an unfavorable decision on her application for social security disability benefits. Pursuant to the court's schedule, on March 6, 2026, the Commissioner filed the administrative transcript, which spanned over 2100 pages. On March 31, 2026, plaintiff filed a 15-page brief in support of her action, arguing that the Administrative Law Judge (ALJ) erred in evaluating the opinion of the agency's consultative examiner and overlooked an opinion from plaintiff's treating therapist. Following two extensions, on June 15, 2026, the Commissioner filed an 11-page response brief defending the decision. On July 15, 2026, plaintiff filed a 9-page reply brief. On August 18, 2026, I reversed and remanded the ALJ's decision, agreeing with both of plaintiff's arguments. The clerk entered judgment in plaintiff's favor that same day, and the Commissioner did not

appeal. On October 20, 2026, plaintiff timely filed the instant motion for fees. The Commissioner responded in opposition on October 30, 2026, and plaintiff replied on November 12, 2026.

## II.

Under the EAJA, the court will award attorney's fees to the "prevailing party" in any civil action brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). Plaintiff is the prevailing party in this action, as I reversed the unfavorable decision on her application, remanded the matter pursuant to 42 U.S.C. § 405(g) sentence four, and directed that judgment be entered in her favor. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description [of a prevailing party]."). The Commissioner does not argue that his position was substantially justified or that special circumstances would make an award unjust. See Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009) ("The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified."); Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) ("The Commissioner bears the burden of demonstrating that her position was substantially justified or that special circumstances would make an award unjust."). Plaintiff is therefore entitled to an award.

## III.

A litigant seeking EAJA fees is required to demonstrate that the amount requested is reasonable, as to both the hours expended and the rate claimed. Jensen v. Berryhill, 343 F.

Supp. 3d 860, 862 (E.D. Wis. 2018). Parties seeking fees under the EAJA are expected to exercise reasonable billing judgment, and the court may exclude hours that are excessive, redundant, or otherwise unnecessary. Id. at 862-63; see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (internal quote marks omitted). As for the rate, the EAJA contains a presumptive cap of $125 an hour, although courts may award enhanced fees where justified because of an increase in the cost of living. Sprinkle v. Colvin, 777 F.3d 421, 423 (7th Cir. 2015); 28 U.S.C. § 2412(d)(2)(A). An EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index (CPI), as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. Sprinkle, 777 F.3d at 423.

Here, plaintiff's counsel indicates he spent 64.75 hours on the case, which he seeks to bill at a rate of $265.51/hour. This produces a total of $17,191.77, but counsel voluntarily reduces the amount requested to $15,930.60, consistent with 60 hours of work.

In seeking the higher hourly rate, counsel relies on the Consumer Price Index for All Urban Consumers (CPI-U). He also submits affidavits from three experienced social security practitioners averring that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Counsel further supports the rate with Clio's Legal Trends Report, which shows that the average hourly rate in Wisconsin is $298, and the average hourly rate for administrative law nationally is $329.

The Commissioner does not challenge the requested rate, which appears to be correctly

calculated and which I find reasonable. See Brent M. v. Bisignano, No. 4:26-cv-04083, 2026 U.S. Dist. LEXIS 185945, at *5-6 (C.D. Ill. Aug.19, 2026) (approving hourly rate of $263.75 under CPI-U); Jensen, 343 F. Supp. 3d at 867 (approving rate calculated based on the CPI-U and supported by an affidavit from an experienced practitioner that the fee sought was below the prevailing market rate).

Counsel seeks an award based on 60 hours of work, consistent with the typical range for social security actions in this circuit. E.g., Sturm v. Bisignano, No. 25-CV-1682, 2026 U.S. Dist. LEXIS 221695, at *8 (E.D. Wis. Sept. 29, 2026) (noting that 40 to 60 hours is standard for social security appeals to district courts); Steuernagel v. O'Malley, No. 22-cv-0593, 2024 U.S. Dist. LEXIS 158467, at *5 (E.D. Wis. Sept. 4, 2024) (same); Jensen, 343 F. Supp. 3d at 864 (same). Counsel contends the requested hours are reasonable in light of the complexity of the record, the legal issues presented, and the work required to obtain a successful result. Counsel indicates he reviewed the 2100+ page record to identify possible issues and conducted thorough research on the issues raised. Counsel further indicates he had no previous familiarity with plaintiff's case, as he did not represent her in the administrative proceedings. Finally, counsel seeks compensation for time spent on the EAJA motion, as permitted by Comm'r, I.N.S. v. Jean, 496 U.S. 154, 164 (1990).

The Commissioner responds that the request is too high, given counsel's experience, the routine nature of the issues presented, and the EAJA awards typically granted in this district. While counsel offers to reduce the request to 60 hours, a voluntary reduction from an already inflated starting point does not, the Commissioner contends, make the request reasonable. The Commissioner argues an award of $13,000—roughly in line with 49 hours of work—fairly and generously compensates counsel for his efforts. "Such an award also

disincentivizes repeated litigation in future EAJA requests and encourages fair bargaining between the parties, reducing the need for judicial resolution." (R. 24 at 2.)

The Commissioner specifically questions the 14 hours counsel spent initially reviewing the record, given that counsel then spent 27 hours on the main brief and another 18 hours on the reply brief. The Commissioner also questions the 7.25 hours counsel spent researching an issue—recontacting consultative sources—that never made it into the brief. Similarly, the Commissioner complains, counsel spent 4.25 hours researching Chenery cases in crafting the reply brief but then said little about Chenery and its progeny in that brief.[1] The Commissioner further questions the nearly 2 hours counsel spent on routine administrative tasks, such as reviewing briefing orders from the court. Finally, the Commissioner indicates the transcript was larger but not unwieldy by modern social security litigation standards. And, counsel raised only two commonly litigated issues which focused on just a few pages of the record. Given counsel's experience and the technological advances that assist lawyers in briefing more efficiently, the Commissioner concludes that reducing the request from 64.75 (or 60) hours to a more reasonable 49 hours is warranted.

The Commissioner provides data on EAJA fees awarded in 396 social security cases in this district from 2022 through 2025, with an average award of $6413.95. Similarly, anecdotal data from recent EAJA matters shows most claims were settled for an average of about $7058.76. The Commissioner challenges counsel to supply cases approving awards more than twice the average. While counsel relies on the 40-60 hours recognized as typical in this circuit, he does not establish that this case or every case should be awarded at the top end. And, the

[1] See SEC v. Chenery Corp., 318 U.S. 80 (1943) (forbidding an agency's lawyers to defend the agency's decision in court on grounds the agency itself had not embraced).

Commissioner says, in other circuits, the standard is lower: 20-40 hours.

Finally, the Commissioner argues that trimming this award will discourage counsel's EAJA litigation, given that he has already amassed a number of contested fee matters, despite the Commissioner's general practice of settling such claims. The Commissioner notes that he stands in the shoes of a reasonable paying client and bears the responsibility of safeguarding public funds. Reducing this request will encourage parties to settle EAJA matters and save judicial resources. And, the Commissioner argues, the court should decline to award additional fees for litigating the EAJA dispute, as that would dissuade defendants from raising legitimate objections to improper billing entries. See Thompson v. Gomez, 45 F.3d 1365, 1368 (9th Cir. 1995) ("If Hensley required defendants to pay 100 pennies on the dollar in fees-on-fees for every twelve pennies they successfully trim from merits fees, defendants would have little incentive to raise legitimate objections to improper billing entries, and plaintiffs would have every incentive to feather their nests.").

In reply, plaintiff cites a number of EAJA decisions from this circuit compensating 60 hours or more, especially in cases with an opening and reply brief. Plaintiff faults the Commissioner for seeking an arbitrary reduction to 49 hours, citing no authority supporting such a reduction in a fully briefed case. See Spellan v. Board of Educ., 59 F.3d 642, 647 (7th Cir. 1995) ("[T]he record ought to assure us that the district court did not eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court.") (internal quote marks omitted).

* * *

The hours plaintiff requests are within the general range accepted in this circuit. Further, given the size of the record, which exceeds the norm in social security cases, and the fact that

the matter was fully briefed and decided on the merits, a request at the top of that range (60 hours) is reasonable. See, e.g., Jensen, 343 F. Supp. 3d at 864 (finding 58.1 hours reasonable in a fully briefed case with a record over 1600 pages, larger than the norm); see also Stanley v. Berryhill, No. 1:16-cv-01129, 2018 U.S. Dist. LEXIS 110817, at *3 (S.D. Ind. July 3, 2018) (noting an average record size of less than 800 pages).

The Commissioner notes that plaintiff's total request exceeds the average award in this district based on data from the Administrative Conference of the United States (ACUS) for FY 2022 to FY 2025. The problem with this data is that it provides only the total award amount, omitting the hours and rates in the listed cases. It is also impossible to determine how many of these cases involved full briefing with a decision on the merits as opposed to a voluntary remand at an earlier stage of the case. Nor does the ACUS data account for the high rate of inflation over the past several years. As plaintiff demonstrates in reply, 60 hours of work at the 2021 rate would come to about $3200 less than a comparable amount of work at the 2026 rate. In any event, while review of such data may be helpful in identifying obvious outliers, courts review fee petitions for reasonableness, not to achieve auditing perfection. Roell v. Bisignano, No. 24-cv-446, 2026 U.S. Dist. LEXIS 105083, at *4 (W.D. Wis. May 12, 2026).

The Commissioner's reliance on recent anecdotal data is similarly flawed. Of the seven cases the Commissioner cites (see R. 24 at 7 n.6), five (No. 26-C-33, No. 25-C-813, No. 25-C-1129, No. 25-C-772, and No. 26-C-43) were remanded on stipulation after the plaintiff filed the opening brief. Case No. 26-C-508 was remanded before any briefs were filed. Only Case No. 25-C-708 involved full briefing and a decision on the merits, and in that case I awarded $12,000 in fees, not far from what plaintiff seeks here.

The Commissioner cites an article from the ABA Journal entitled, "The Future of Legal

Efficiency: How Emerging Technology Is Reshaping Modern Law Practices," which discusses the use of AI tools for document summarization, research, and drafting. However, the Commissioner does not explain how counsel should have used such tools to save time in this case, and nothing in the case-law requires lawyers to turn over some or all of their record review or brief writing to AI for the sake of efficiency. Cf. Chirece C. v. Comm'r of Soc. Sec., No. 25-11554, 2026 U.S. Dist. LEXIS 216944, at *4 n.2 (E.D. Mich. Sept. 24, 2026) (finding use of AI to summarize medical records ethically concerning).

Nor am I persuaded by the Commissioner's more specific challenges. The Commissioner contends counsel spent 14 hours on record review, but the specific entries mentioning this task—from 12/18/25, 12/19/25, and 12/20/25—total 11.25 hours, and part of that time (on 12/19/25) was spent researching cases on recontacting consultative sources.[2] In reply, counsel indicates that any record review in December 2025 took less than 10 hours. Ten (or even 11.25) hours spent reviewing a 2100 page record cannot be deemed unreasonable. See Stokes v. Astrue, No. 1:09-cv-0972-JMS-TAB, 2010 U.S. Dist. LEXIS 120001, at *5 (S.D. Ind. Nov. 10, 2010) (approving 6.5 hours to review 595 page record, and rejecting the Commissioner's argument that this task should have taken just 3.5 hours).

That counsel, after reviewing this voluminous record, briefed just two discrete issues does not mean the time spent in record review (looking for other possible issues) was wasteful. See Miller v. Comm'r of Soc. Sec., No. 1:24-CV-212, 2025 U.S. Dist. LEXIS 272941, at *5 (N.D. Ind. Nov. 17, 2025) (rejecting the Commissioner's argument that counsel spent too much

[2]The Commissioner gets to 14 hours by including the 12/22/25 entry, where counsel spent 2.75 hours discussing next steps with the client, drafting case initiation documents, and updating the referral source.

time reviewing parts of the record unrelated to the issues briefed, and stating that "counsel was obligated to review the entirety of the record so as to represent his client zealously and completely"). As counsel indicates, he did not represent plaintiff at the administrative level. See Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1170 (E.D. Wis. 2002) ("It is important to note that counsel did not represent plaintiff at the administrative level, and thus had to familiarize herself with the case from scratch. And the record in this case was not slight."). Lawyers should, regardless of the record size, be encouraged to raise only the most meritorious issues rather than using a shotgun approach. Cf. Mathews-Sheets v. Astrue, No. 1:08-cv-1426, 2012 U.S. Dist. LEXIS 21193, at *21 (S.D. Ind. Feb. 21, 2012) (noting that "failing to winnow down the issues and instead utilizing a shotgun approach may be" a basis for reducing a fee).

The Commissioner suggests the issues counsel raised were not complex. While challenges to an ALJ's evaluation of medical opinions are common, this case did involve more challenging sub-issues, including when an ALJ is required to recontact an examining consultant (as opposed to a reviewing consultant) (see R. 20 at 12-13) and when a provider's statement qualifies as a "medical opinion," an issue with which the Seventh Circuit recently grappled in Jones v. Dudek, 134 F.4th 991 (7th Cir. 2025) (see R. 20 at 16-17). In any event, because counsel's request falls within the typical range, there is no basis for reducing the briefing hours based on the relative complexity of the issues. Importantly, plaintiff succeeded on both issues counsel briefed. See Hensley, 461 U.S. at 440 ("We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees[.]"); id. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

The Commissioner contends counsel spent 7.25 hours researching the obligation to

recontact consultative sources but never made such an argument in his briefs. As alluded to above, the timesheet indicates that counsel spent 7.25 hours on 12/19/25 reviewing the record and researching this issue. In reply, counsel clarifies that he spent no more than 1.5 hours on research on that date. Further, the Commissioner already included this block of time in the first challenged category (14 hours on record review). More importantly, this issue was raised in the briefs (R. 11 [opening brief] at 11; R. 18 [response brief] at 6; R. 19 [reply brief] at 5-6), and I discussed it in my decision (R. 20 at 12-13).

The Commissioner takes issue with the 4.25 hours counsel spent researching Chenery cases. But this again misreads the timesheet. The entry for 7/13/26 indicates counsel spent 4.25 hours researching Chenery cases and drafting the reply brief. In reply, counsel clarifies that he spent no more than 1.5 hours on research. And again more importantly, counsel repeatedly raised Chenery arguments in the reply brief (R. 19 at 1, 2, 4-5, 8), and I found that the Commissioner's defense of the ALJ's decision ran afoul of the Chenery principle (R. 20 at 10, "The primary problem with the Commissioner's position is that the ALJ did not rely on it in his decision.")

Finally, the Commissioner targets a handful of 15 minute entries, totaling 1.75 hours, related to administrative tasks. The Commissioner cites no authority forbidding billing in quarter hours or for such tasks. In any event, counsel has already reduced his time by 4.75 hours, which more than accounts for these entries.

In sum, I see no basis for further reducing the original request for $15,930.60.

* * *

Counsel indicates that he spent 18.75 hours on the EAJA reply and seeks fees for 13 hours of that time, for a total of $3451.63 in additional fees. (R. 25-1.) Prevailing parties may

recover fees for EAJA litigation. As the Supreme Court has explained:

> If the Government could impose the cost of fee litigation on prevailing parties by asserting a "substantially justified" defense to fee applications, the financial deterrent that the EAJA aims to eliminate would be resurrected. The Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and "curbing excessive regulation and the unreasonable exercise of Government authority."

Jean, 496 U.S. at 164-65 (footnote omitted).

In Thompson v. Gomez, 45 F.3d at 1366, the Ninth Circuit approved the district court's decision to award fees-on-fees only to the extent the underlying application for merits fees was successful. In the present case, I have rejected all of the Commissioner's challenges to plaintiff's original fee request. There is accordingly no basis for reducing or disallowing plaintiff's request for additional fees related to the EAJA reply based on Thompson.

Nevertheless, plaintiff must demonstrate that the hours requested for the EAJA reply are reasonable. While plaintiff cites several cases approving more, courts in this circuit have generally awarded 10 hours or less for time to spent on an EAJA reply brief. See Sturm, 2026 U.S. Dist LEXIS 221695, at *8-9 ("Looking at other cases for comparison, 10 hours does not appear to be an unreasonable amount of time to expend on an EAJA reply brief."); Isidro v. Bisgnano, No. 25 C 12006, 2026 U.S. Dist. LEXIS 135491, at *6-7 (N.D. Ill. Apr. 30, 2026) (finding reasonable counsel's reduction from 14.25 to 10 hours); Martin v. Comm'r of Soc. Sec., No. 1:18-cv-00033-SLC, 2020 U.S. Dist. LEXIS 168588, at *14 (N.D. Ind. Sept. 15, 2020) ("Other courts have found similar amounts of time—usually less than 10 hours—reasonable while awarding fees for time spent preparing an EAJA reply brief."); Chambers v. Astrue, No. 1:10-cv-01239-TWP-DKL, 2013 U.S. Dist. LEXIS 69871, at *8-9 (S.D. Ind. May 16, 2013) (reducing fees for EAJA reply from 20.70 hours to 10.35 hours); Wirth, 325 F. Supp 2d at 918-

19 (finding reasonable 5.8 hours spent on 8-page EAJA reply); Samuel v. Barnhart, 316 F. Supp. 2d 768, 783 n.6 (E.D. Wis. 2004) (awarding 5 hours for 15-page EAJA reply); see also Amy L.A. v. Comm'r of Soc. Sec., No. 1:24-CV-343-SJF, 2026 U.S. Dist. LEXIS 145790, at *15-16 (N.D. Ind. July 1, 2026) (awarding 9.0 hours for EAJA reply, for total award of $16,207.50). The Commissioner filed a 12-page opposition to the original fee petition in this case, raising a number of issues, which counsel addressed in the 15-page EAJA reply. However, the Commissioner did not argue his position was substantially justified, so counsel was not required to discuss that merits-related issue in the EAJA reply. Nor did the Commissioner challenge the requested rate, just the hours. Given the more limited scope of the EAJA litigation in this case, I find an additional award based on 10 hours ($2655.10) reasonable.

## IV.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for attorney's fee (R. 22) is granted in the amount of $18,585.70 (15,930.60+2655.10). Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), any fees paid belong to plaintiff and can be offset to satisfy any pre-existing debt that plaintiff owes the United States. If defendant can verify that plaintiff does not owe a pre-existing debt to the United States subject to offset, defendant will direct that the award be made payable to Ryan Shafer pursuant to the EAJA assignment duly signed by plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge